[No. F063396. Fifth Dist. Oct. 26, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
FERNANDO DELGADO, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II of the Discussion.

**COUNSEL**

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Max Feinstat, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DETJEN, J.**—In the published portion of this opinion, we hold Penal Code section 1237.1 does not preclude a defendant from raising, as the sole issue on an appeal, a claim his or her presentence custody credits were calculated pursuant to the wrong version of the applicable statute.

## PROCEDURAL HISTORY

On July 8, 2010, an information was filed in Kern County Superior Court, charging defendant Fernando Delgado with various offenses arising out of a domestic violence incident that occurred between February 28 and March 1, 2010.[1] On November 4, 2010, defendant entered into a plea agreement pursuant to which he pleaded no contest to willfully inflicting corporal injury resulting in a traumatic condition on a former spouse (Pen. Code,[2] § 273.5, subd. (a); count 2), making criminal threats (§ 422; count 3), and false imprisonment (§ 236; count 4), and agreed to imposition of a term of five years four months in prison. In return, the remaining count and enhancement allegations were dismissed upon the People's motion.

After failing to appear on the date originally set for sentencing, defendant was sentenced, on July 22, 2011, to a total term of five years four months in prison. He was ordered to pay restitution and various fees, fines, and assessments. He was awarded 201 days of actual credit, plus 100 days of conduct credit, for a total of 301 days. The court found he was not eligible for half-time credits pursuant to section 2933, former subdivision (e)(3).

---

[1] The facts of the offenses are not pertinent to this appeal.

[2] Further statutory references are to the Penal Code.

Defendant now says he is entitled, pursuant to the equal protection clauses of the federal and state Constitutions, to additional custody credits under the amendment to section 4019 that became operative on October 1, 2011. The Attorney General argues the appeal should be dismissed pursuant to section 1237.1. We reject both arguments.

## DISCUSSION

## I

### SECTION 1237.1 DOES NOT REQUIRE DISMISSAL OF THE APPEAL.

"There is no constitutional right of appeal from a judgment or order in criminal cases; rather the right of appeal is statutory. [Citations.]" (*People v. Connor* (2004) 115 Cal.App.4th 669, 677 [9 Cal.Rptr.3d 521].) Section 1237, subdivision (a) permits a defendant to appeal "[f]rom a final judgment of conviction except as provided in Section 1237.1 . . . ." Section 1237.1 provides: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court." The statute "does not require defense counsel to file [a] motion to correct a presentence award of credits in order to raise that question on appeal when other issues are litigated on appeal"; if there are no other issues, however, "the filing of a motion in the trial court is a prerequisite to raising a presentence credit issue on appeal." (*People v. Acosta* (1996) 48 Cal.App.4th 411, 427–428 [55 Cal.Rptr.2d 675], fn. omitted (*Acosta*).)

The Attorney General says defendant's appeal must be dismissed because defendant failed to file the requisite motion in the trial court and the sole issue raised on appeal is whether he is entitled to recalculation of his custody credits pursuant to the amended version of section 4019. Defendant says section 1237.1 does not apply because the issue on appeal is not whether custody credits were miscalculated, but under which version of section 4019 those credits should have been calculated. Defendant has the better argument.

"The rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] To determine legislative intent, we turn first, to the words of the statute, giving them their usual and ordinary meaning. [Citations.] When the language of a statute is clear, we need go no further. However, when the language is susceptible of more than

one reasonable interpretation, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*People v. Flores* (2003) 30 Cal.4th 1059, 1063 [135 Cal.Rptr.2d 63, 69 P.3d 979].) "Using these extrinsic aids, we 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' [Citation.]" (*People v. Sinohui* (2002) 28 Cal.4th 205, 212 [120 Cal.Rptr.2d 783, 47 P.3d 629].)

In our view, section 1237.1's phrase, "an error in the calculation of presentence custody credits," is reasonably susceptible of two interpretations: It could mean any claimed error in the amount of presentence custody credits awarded, or it could mean a mere alleged mathematical or clerical error. The legislative history demonstrates the latter interpretation comports most closely with the Legislature's apparent intent and best promotes the general purpose of the statute.

Section 1237.1 was added by Statutes 1995, chapter 18, section 2, page 36, enacting Assembly Bill No. 354 (1995–1996 Reg. Sess.). An analysis prepared for the Assembly Committee on Public Safety on the bill, a source we may properly consider in determining legislative intent (see *People v. Benson* (1998) 18 Cal.4th 24, 34, fn. 6 [74 Cal.Rptr.2d 294, 954 P.2d 557]), stated that the purpose of the bill was to "codify developing case law requiring defendants to seek correction of *clerical or mathematical error* in calculation of presentence custody credits in the trial court to prevent misuse of appellate process for *ministerial purpose*" (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 354 (1995–1996 Reg. Sess.) as introduced, pp. 1–2, italics added). The analysis specifically cited *People v. Fares* (1993) 16 Cal.App.4th 954 [20 Cal.Rptr.2d 314] (*Fares*) as an example of a case in which a Court of Appeal "expressed dismay" at defendants utilizing "the formal appeal process solely to correct an error in the calculation of presentence custody credits." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 354 (1995–1996 Reg. Sess.) p. 2.)[3] The analysis concluded: "This bill would

---

[3] In *Fares*, the defendant was awarded 95 days of actual custody credits, but no section 4019 credits. The failure to award section 4019 credits was the sole issue raised on appeal. (*Fares, supra*, 16 Cal.App.4th at p. 956.) The parties agreed on the actual time served and on the applicability of the formula prescribed by section 4019, but merely differed, by one day, in their ultimate computation. The difference arose from whether fractional days were to be " 'round[ed] up,' " a question that was answered negatively in a 1989 opinion. (*Fares, supra*, at p. 956, fn. 2.)

prevent the appeal from even being filed without the defendant first having attempted to correct the error in the trial court. The proposed Penal Code section 1237.1 would thus promote judicial economy by avoiding the utilization of the formal appellate process for a *minor ministerial act.*" (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 354, *supra,* at p. 3, italics added.)

A subsequent analysis prepared for the Senate Committee on Criminal Procedure stated:

"Existing law provides that a defendant is entitled to six days credit for each four days spent in custody awaiting trial and/or sentence. (Penal Code Section 4019.)

"This bill would prohibit an appeal by a defendant on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court.

"The purpose of this bill is to curtail misuse of the formal appellate process to *correct minor sentencing errors* when alternative forums for resolution exist." (Sen. Com. on Crim. Procedure, Analysis of Assem. Bill No. 354 (1995–1996 Reg. Sess.) as amended Apr. 27, 1995, p. 2, italics added.)

■ In our view, an error in "doing the math" or, as in *Fares,* an apparent oversight in an award of credits, constitutes the type of minor sentencing error at which section 1237.1 was clearly aimed. A determination of which version of a statute applies—especially when, as here, that determination involves application of constitutional principles—does not.

■ *Acosta, supra,* 48 Cal.App.4th 411, on which the Attorney General relies, does not require a different result, as it does not appear to involve anything more than a mathematical miscalculation of credits. (See, e.g., *id.* at p. 420.) Rather, the issues before the Court of Appeal were whether section 1237.1 applied (1) to cases in which the notice of appeal was filed before the effective date of the statute (*Acosta, supra,* at pp. 415–420) and (2) where the miscalculation-of-credits issue was not the sole issue raised in the appeal (*Acosta, supra,* at pp. 420–428). " 'It is axiomatic that cases are not authority

for propositions not considered.' [Citation.]" (*People v. Avila* (2006) 38 Cal.4th 491, 566 [43 Cal.Rptr.3d 1, 133 P.3d 1076].)

*Acosta* does note "the clear legislative intention that principles of judicial economy be advanced by the enactment of Assembly Bill No. 354." (*Acosta, supra*, 48 Cal.App.4th at p. 426.) We agree with this observation, and conclude our interpretation of section 1237.1 advances the desired judicial economy. A determination of which version of a statute applies (which, as in the instant case, may require interpretation and application of principles of statutory construction and constitutional law) is much different than a mere mathematical calculation. Whichever way a trial court rules on the former question, the losing party almost certainly will appeal. (See §§ 1235, subd. (a) [either party to felony case may appeal on question of law alone], 1237, subd. (b) [defendant may appeal from order made after judgment affecting defendant's substantial rights], 1238, subd. (a)(5) [People may appeal from order made after judgment affecting their substantial rights] & (10) [same regarding imposition of unlawful sentence].) This is especially true with respect to substantive interpretation of the custody credit statutes, which of late have been subject to numerous amendments, all of which have resulted in seemingly endless litigation. (See *People v. Garcia* (2012) 209 Cal.App.4th 530, 533–540 [147 Cal.Rptr.3d 221] [summarizing the various amendments applicable where murder or other violent felony not involved].) By contrast, a mere mathematical error or oversight is easily corrected and much less likely to engender a serious disagreement between the parties that must be resolved by an appellate court.

In light of the foregoing, we conclude defendant's appeal should not be dismissed, despite the fact the sole issue it raises concerns presentence custody credits. Accordingly, we address his claim on the merits in the unpublished portion of our opinion.

## II

### DEFENDANT IS NOT ENTITLED TO ADDITIONAL CREDITS UNDER SECTION 4019.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 761.

## DISPOSITION

The judgment is affirmed.

Kane, Acting P. J., and Franson, J., concurred.