Filed 3/29/13  P. v. Her CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C069676 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F03705) |
| v. | |
| NOU CHONG HER, | |
| Defendant and Appellant. | |

Defendant Nou Chong Her pleaded no contest to felony evading a police officer (Veh. Code, § 2800.2, subd. (a)), receipt of a stolen vehicle (Pen. Code, § 496d, subd. (a)),[1] and felony resisting an executive officer (§ 69).  The trial court imposed a stipulated term of 16 months in state prison and awarded 527 days of presentence custody credits.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends the trial court should have awarded him 526 days of presentence conduct credits. We dismiss the appeal for failing to raise a cognizable issue.

DISCUSSION

We dispense with the facts of defendant's crimes as they are unnecessary to resolve this appeal.

At sentencing, the trial court stated: "So, the defendant has 527 days actual. There's additional credits as well. Certainly then, it's going to be deemed time served, so to speak, in terms of the 16 months state prison sentence in the matter since it would be 50 percent, so, eight months." Neither the trial court nor the parties mentioned conduct credits. The minutes and abstract of judgment show defendant receiving presentence credit for 527 days' actual and 0 days' conduct.

Defendant claims he is entitled to conduct credits without regard to whether he will serve any time in prison, and notes that excess presentence credits can be used to offset any fines (§ 2900.5, subd. (a)) and could be applied to his parole period.[2]

Section 1237.1 states: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court." This section precludes an appeal where, as here, the only issue raised concerns the calculation of presentence custody credits and the defendant did not previously raise the issue in a motion to the trial court. (*People v. Clavel* (2002) 103 Cal.App.4th 516, 518-519.)

---

[2] The trial court imposed a $200 restitution fine (§ 1202.4, subd. (b)), stayed a parole revocation fine of like amount (§1202.45), $120 in court security fees (§1465.8) and a $30 criminal conviction fee for each count (Gov. Code, § 70373, subd. (a)(1)).

Defendant has not presented this claim to the trial court. He claims he is relieved of this duty under the holding of *People v. Delgado* (2012) 210 Cal.App.4th 761.

In *Delgado*, the Court of Appeal held that section 1237.1 "does not preclude a defendant from raising, as the sole issue on an appeal, a claim his or her presentence custody credits were calculated pursuant to the wrong version of the applicable statute." (*Delgado, supra*, 210 Cal.App.4th at p. 763.) In so holding, the Court of Appeal distinguished the claim before it, which involved the "substantive interpretation of the custody credit statutes," from claims properly dismissed pursuant to section 1237.1, those involving "a mere mathematical error or oversight" that "is easily corrected and much less likely to engender a serious disagreement between the parties that must be resolved by an appellate court." (*Id*. at p. 767.)

The trial court's apparent failure to award conduct credits[3] is the type of inadvertent error to which section 1237.1 applies. Since defendant has inexplicably failed to inform the trial court of its oversight and request a correction, his appeal must be dismissed.

DISPOSITION

The appeal is dismissed.

    NICHOLSON    , J.

We concur:

    BLEASE    , Acting P. J.

    BUTZ    , J.

---

[3]    If it in fact failed to award conduct credits, since the trial court's phrase, "There's additional credits as well," may have referred to conduct credits.