Filed 3/4/14  P. v. Pignatore CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058994 |
| v. | (Super.Ct.No. SWF1300355) |
| JOSEPH ANTHONY PIGNATORE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.  Dismissed.

Robert Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Barry Carlton, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Joseph Anthony Pignatore seeks an award of additional presence credits following his plea of guilty to petty theft with a prior. (Pen. Code, § 484, subd. (a).)[1] He asserts that the trial court improperly awarded him only 15 percent presence credits against his term of two years eight months[2] as provided by section 2933.1 rather than the 50 percent credits available under section 4019.

Although defendant may well be correct, he waived his right to appeal as part of the plea bargain, which also included a specification of the credits to be awarded. We reject his contentions that this particular error was *not* waived by his agreement. Hence, we will dismiss the appeal. In the circumstances, we express no opinion as to whether defendant may move for "correction" in the trial court. (See § 1237.1.)[3]

---

[1] All subsequent statutory references are to the Penal Code.

[2] Defendant was sentenced as a "second striker" pursuant to section 667, subdivisions (b)-(i).

[3] Section 1237.1 provides that "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court." In *People v. Delgado* (2012) 210 Cal.App.4th 761 the court held that an appeal could proceed where the claim was that the wrong version of section 4019 had been applied to calculate the defendant's presence credits. Although *Delgado* in some ways supports the position that (absent the waiver) we should have entertained the appeal on its merits, the court noted that the defendant's argument involved "interpretation and application of principles of statutory construction and constitutional law[] [which are] much different than a mere mathematical calculation" and which, when resolved by the trial court, would probably have inevitably led to an appeal by the losing party anyway. (People v. Delgado, supra, 210 Cal.App.4th at p. 767.) In this case, however, resort to the trial court in all likelihood would have resolved this matter if in fact the application of section 2933.1 was inadvertent. On the other hand, the trial court would have been in a far better position

*[footnote continued on next page]*

STATEMENT OF THE CASE

No details of the facts are available from the record and in any event are unnecessary. As noted above, defendant pleaded guilty to theft, which is not a "felony offense listed in subdivision (c) of Section 667.5," and section 2933.1, subdivision (a), is therefore inapplicable. (See *People v. Holford* (2012) 203 Cal.App.4th 155, 159-160 at fn. 2.) Hence, he challenges the award of a single day's credit for the 11 days served in custody.

However, as we noted, he expressly waived his right to appeal. Defendant insists that the waiver does not, cannot, or should not extend to errors in "excess of [] jurisdiction." The misapplication of a credits statute is not an error going to the trial court's fundamental jurisdiction to make the calculation. (See *People v. Chatmon* (2005) 129 Cal.App.4th 771, 773-774 [on the distinction between errors in excess of jurisdiction—including unauthorized sentences—and lack of fundamental jurisdiction].)

Defendant relies on *People v. Velasquez* (1999) 69 Cal.App.4th 503, in which the court held that the court could not impose an unlawful sentence even within the terms of a plea bargain. But *Velasquez*, while it did involve issues of estoppel, was not a case of express waiver. It is also clearly distinguishable as the appellate result was due to prosecutorial error. In that case, the defendant entered a plea of guilty in return for the promise of probation and a term (if probation were revoked) of no more than three years

---

*[footnote continued from previous page]*
than this court to determine whether the credits were fixed based on the agreement of the parties.

in state prison. However, the sentencing triad for his offense was 2-4-6, and the appellate court found it a "fair inference" that the prosecutor had misread the range of punishments *and* "erroneously advised appellant of the wrong theoretical maximum sentence." (*Id*. at p. 505.) When probation was revoked, the trial court attempted to follow the plea bargain and imposed a term of three years—one simply unavailable under the statute. The defendant had not actually agreed to that specific term. Furthermore, as the appellate court stressed, a lawful sentence that also conformed to the plea bargain *was* available—two years. Recognizing that the result was something of a windfall for the defendant, the court found it attributable to the prosecutor's negligence and that defendant was entitled to have the sentence reduced to a legal term. (*Id*. at p. 507.)

Here, the court simply made an award of presentence credits under a statute that does not *appear* to apply. It is well-established that a defendant may waive presentence credits in order to receive favorable terms in a plea bargain. (*People v. Johnson* (2002) 28 Cal.4th 1050, 1054-1055.) While it is true that defendant's plea form does not expressly reflect a waiver of any credits in excess of those awarded under section 2933.1, he *did* expressly agree to the total *number* of days' credit. It is not impossible that the subject of credits was the subject of negotiations; given that defendant was charged with two counts of retail theft (shoplifting), perhaps the People retained the weapon of

charging one as a burglary or even robbery.[4]  Thus, this is not a case of clearly inadvertent error that arguably would not be subject to the waiver.

It must be remembered that, as the People point out, all appeals involve some claim of error, and if explicit waivers were to be interpreted (with apologies to George Orwell) so that "some errors are more equal than others," there would be minimal reduction in the number of appeals because counsel would always be able to argue that their case had a "more equal" error.  At least when the terms of a plea bargain are clear and are explicitly agreed to by the defendant, his waiver must be enforced.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:


McKINSTER
J.


CODRINGTON
J.

---

[4]  We admit that this scenario is not particularly plausible, because the total number of days in dispute is exactly nine.  Thus, it appears unlikely that the prosecutor insisted on limiting credits to those available under section 2933.1 in order to preserve a significantly longer available post-sentencing term of incarceration.  But "unlikely" is not "impossible."

5