Filed 7/31/14  P. v. Harris CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>MARK FREDERICK HARRIS,<br><br>      Defendant and Appellant. | D064750<br><br><br>(Super. Ct. No. SCD247880,<br> SCD248197) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed as modified, with directions.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donahue, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Mark Frederick Harris was convicted in two separate cases of multiple felonies.  He was sentenced to prison in both cases.  He appeals, challenging only the

sentence in one of the cases. He argues the trial court should not have stayed a prison prior, rather the trial court was required to strike the prior. Harris also contends he is entitled to one more day of custody credit.

The People agree the court erred in staying, rather than striking the prison prior. The People agree Harris is entitled to one more day credit, but contend the issue has been forfeited by failure to raise it in the trial court.

We will first direct the trial court to strike the prior. We will also order the court to award Harris one additional day of custody credit.

## PROCEDURAL BACKGROUND

### A. Case No. SCD247880

A jury convicted Harris of two counts of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)), and one count of battery with serious bodily injury (§ 243, subd. (d)). The jury found true an allegation of inflicting great bodily injury (§ 12022.7, subd. (a)). Harris admitted a prison prior (§ 667.5, subd. (b)).

The court sentenced Harris to a determinate term of seven years. The court stayed the sentence on the prison prior.

### B. Case No. SCD248197

Harris entered pleas of guilty to three felony counts involving the possession of heroin and methamphetamine. The court imposed a stipulated sentence of two years

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

eight months.  The sentence was ordered to run consecutively to the sentence in case No. SCD247880.

## DISCUSSION

## I

### *THE PRISON PRIOR*

At the time of sentencing the trial court decided not to impose a consecutive term for the prison prior admitted by Harris.  The court stayed the term for that prior.  The parties properly agree the court may not stay the sentence on an enhancement in lieu of striking it.  (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Campbell* (1999) 76 Cal.App.4th 305, 311.)  Accordingly, we will remand the case to the trial court with directions to strike the prison prior and to amend the abstract of judgment accordingly.

## II

### *CUSTODY CREDITS*

Harris contends the trial court erred in the calculation of credits, in that it did not start the calculation with the date of the release of his parole hold, but instead began the calculation with the following day.  The People recognize that Harris would ordinarily be entitled to the extra day credit, however the People contend that Harris has forfeited the issue by failing to raise it in the trial court.

Harris was in custody on a parole hold at the time of his pretrial incarceration in this case.  The parole hold was apparently based on conduct unrelated to the pending

charges. The parole hold was released on July 13, 2013, but the court's calculations were based upon July 14, 2013 as the correct starting date.

Section 1237.1 provides that an appeal shall not be taken on the basis of claimed error in the calculation of credits unless the matter has first been presented in the trial court.

Harris contends that section 1237.1 does not apply here because the trial court properly calculated the credits, assuming July 14 was the starting day. Relying on *People v. Delgado* (2012) 210 Cal.App.4th 761, 766-767, Harris contends this case does not fall into the forfeiture rule of section 1237.1. He argues the error is a legal error, not a mathematical error and that in any event, the appeal was properly brought on independent grounds.

We recognize the People argue we should apply forfeiture, however we decline to do so. It is without dispute the trial court erred in the determination of the starting date for the calculation of credits. It is also true this appeal is viable for independent reasons and thus the idea of requiring defendants to correct calculations in the trial court to avoid the undue consumption of the appellate court's resources, does not clearly apply here. It would be a waste of judicial resources to have Harris return to the trial court to correct an error that is clear on the record, when the case is already properly before us. Given the circumstances of this case, we decline to require the defendant to serve an additional day in custody because trial counsel missed an obvious error.

DISPOSITION

The superior court is directed to strike the prior conviction under section 667.5, subdivision (b). The court is also directed to grant Harris one additional day of custody credit. In all other respects the judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


O'ROURKE, J.

5