Filed 10/9/14  P. v. Robey CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JOSHUA ALLEN ROBEY,<br><br>     Defendant and Appellant. | G049074<br><br>(Super. Ct. No. 11NF3109)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Dismissed.

Richard de la Sota, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant was convicted of the torture and attempted murder of an infant. At his sentencing hearing, the court ordered that he receive actual custody credits, but made no mention of conduct credits. Defendant appeals, contending the court erred in failing to award conduct credits. The Attorney General asserts this appeal must be dismissed for defendant's failure to file a Penal Code section 1237.1 motion in the trial court.[1] The Attorney General is correct. The appeal is dismissed, without prejudice to defendant's filing of a section 1237.1 motion in the trial court.

## I

## FACTS

At the sentencing hearing, the court stated that it had read and considered the probation report. It sentenced defendant to life in prison on count 1, attempted murder (§§ 187, subd. (a), 664, subd. (a)), and life in prison on count 2, torture (§ 206), with the sentence on count 2 stayed pursuant to section 654. It also sentenced defendant to six years on count 3, child abuse (§ 273a, subd. (a)), with the sentence stayed. In addition, the court sentenced defendant to six years with respect to the section 12022.7, subdivision (d) enhancement pertaining to count 1, to run consecutively to the life sentence.

The court ordered a custody credit of 710 actual days and confirmed with defendant's counsel that 710 actual days was the correct number of days for the custody credit. Neither the court nor counsel for either party addressed the matter of conduct credits at the hearing.

---

[1] All subsequent statutory references are to the Penal Code, unless otherwise specifically stated.

II

DISCUSSION

*A. Conduct Credits:*

Defendant, as we have noted, contends the court erred in failing to award conduct credits. The Attorney General, citing sections 1237 and 1237.1, argues that the appeal should be dismissed, because defendant failed to file a motion in the trial court.

Section 1237, subdivision (a) provides in pertinent part that a defendant may take an appeal "[f]rom a final judgment of conviction except as provided in Section 1237.1 and Section 1237.5." Section 1237.1, in turn, provides: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."

In interpreting section 1237.1, the court in *People v. Acosta* (1996) 48 Cal.App.4th 411, stated that, generally speaking, "the filing of a motion in the trial court is a prerequisite to raising a presentence credit issue on appeal." (*Id.* at p. 428, fn. omitted.) The *Acosta* court further stated: "'The court's power to correct its judgment includes corrections required not only by errors of fact (as in the mathematical calculation) but also by errors of law. [Citation.]'" (*Id.* at p. 424.)

Defendant maintains the motion requirement of section 1237.1 applies only if the trial court made a mathematical error, not if it failed to award any conduct credits at all. He cites *People v. Delgado* (2012) 210 Cal.App.4th 761 and *People v. Verba* (2012) 210 Cal.App.4th 991 in support of his argument. These authorities are unpersuasive in our context.

3

*People v. Delgado*, *supra*, 210 Cal.App.4th 761 held that, section 1237.1 notwithstanding, the filing of a motion in the trial court is not a prerequisite to the filing of an appeal based on a claim defendant's "presentence custody credits were calculated pursuant to the wrong version of the applicable statute." (*People v. Delgado*, *supra*, 210 Cal.App.4th at p. 763.) It explained: "In our view, an error in 'doing the math', or . . . an apparent oversight in an award of credits, constitutes the type of minor sentencing error at which section 1237.1 was clearly aimed. A determination of which version of a statute applies—especially when, as here, that determination involves application of constitutional principles—does not." (*Id.* at p. 766.) *People v. Verba*, *supra*, 210 Cal.App.4th 991 is to similar effect, providing that section 1237.1 does not bar an appeal based on a constitutional challenge to the determination of presentence conduct credits. (*People v. Verba*, *supra*, 210 Cal.App.4th at pp. 993-995.)

In the matter before us, however, we are concerned with what would appear to be best described as an oversight—either the failure to consider an award of conduct credits, or the failure to articulate the reason no conduct credits were being awarded. We are not concerned with either the question of which version of a statute applies or the application of constitutional principles. Consequently, the Attorney General is correct that the appeal must be dismissed and defendant's remedy is to address his concerns to the trial court.

Defendant disagrees, attempting to characterize the trial court's failure to award conduct credits as arising out of the misinterpretation of a statute. Defendant says the trial court "most likely" believed, incorrectly, that section 3046[2] prevented an award of presentence conduct credits because he had been sentenced to an indeterminate life sentence.

---

[2]       Section 3046, subdivision (a) states that before a prisoner sentenced to life may be paroled, he must serve a minimum number of years as specified therein.

The Attorney General has a more plausible theory. She suggests the court determined not to award defendant any conduct credits because the probation report described him as a "habitual jail-rule violator." Consequently, no award of conduct credits was required under section 4019, subdivisions (b) and (c).[3]

In any event, as the Attorney General further argues, the lack of any discussion of conduct credits in the trial court, and the resulting absence of any developed record for review, "only underscores the importance of raising the issue in the trial court." We agree.

*B. Abstract of Judgment:*

As an aside, defendant mentions, albeit without compliance with California Rules of Court, rules 8.360(a) and 8.204(a)(1)(B), that the abstract of judgment fails to reflect either the sentence on count 3, child abuse, or the custody credit of 710 actual days. He suggests that the abstract of judgment be corrected accordingly.

The Attorney General observes in a footnote that the original clerk's transcript contains a copy of the abstract of judgment—prison commitment—indeterminate (Judicial Council form CR-292), but omits a copy of the felony abstract of judgment—determinate (Judicial Council form CR-290). By order of this court dated September 26, 2014, the record on appeal was corrected to contain a copy of the felony abstract of judgment—determinate (Judicial Council form CR-290). (Cal. Rules of Court, rule 8.340.) The felony abstract of judgment—determinate shows the sentence on count 3 and the 710-day credit. No correction of the abstract is necessary.

---

[3]    Under section 4019, subdivision (b), a prisoner described therein is entitled to certain conduct credits "unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned . . . ." Subdivision (c) of that statute provides that a prisoner described therein is entitled to certain conduct credits "unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent . . . ."

5

III

DISPOSITION

The appeal is dismissed, without prejudice to defendant's filing of a section 1237.1 motion in the trial court.


MOORE, ACTING P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.

6