Filed 1/30/15  P. v. Griffin CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMES PATRICK GRIFFIN,<br><br>        Defendant and Appellant. | A142422<br><br>(Solano County<br> Super. Ct. No. FC15134) |

In 1981, appellant James Patrick Griffin pled guilty to, and was thereby convicted of, first degree murder and possession of a weapon by a prisoner in violation of Penal Code sections 187 and 4502, respectively, enhanced for personal infliction of great bodily injury pursuant to Penal Code section 12022.7.[1]  On February 10, 1982, the trial court sentenced appellant to 25 years to life.

Over three decades later, appellant brought a motion for correction of the record pursuant to section 1237.1 on the ground that he was not awarded all the custody credits to which he was entitled.  The trial court denied appellant's motion after finding, inter alia, that it was untimely and unsupported by documentary evidence.

Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106 (*People v. Kelly*), requesting that we conduct an independent review of the entire record on appeal. Appellant thereafter failed to exercise his right to file a supplemental brief in a timely

---

[1]        Unless otherwise stated, all statutory citations herein are to the Penal Code.

fashion. He did, however, file a motion to augment the record on appeal, seeking to include: (1) the trial court's August 5, 1981 order setting aside the information; (2) the People's August 5, 1981 petition for writ of mandate; (3) this court's November 4, 1981 order granting the People's petition for writ of mandate; and (4) the trial court's minute orders from April 1981 to February 10, 1982. We denied this motion on January 22, 2015, after concluding that the identified documents from over 30 years ago relating to his underlying conviction bear no relevance to our review of the trial court's ruling on his recent motion for correction of the record.

Having considered the record in accordance with *People v. Wende* and *People v. Kelly*, we affirm the judgment of the trial court for reasons set forth below.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 26, 1981, appellant accepted a plea agreement, pursuant to which he pled guilty to first degree murder and possession of a weapon by a prisoner with the personal infliction of great bodily injury. He was sentenced to 25 years to life on February 10, 1982, and was awarded 204 days of presentence custody credit, plus 102 days of conduct credits from July 22, 1981 (the original sentencing date) to February 10, 1982 (the actual sentencing date).

On June 17, 2014, appellant filed a motion for correction of conduct credits seeking 28 additional days of actual custody credits. In doing so, appellant argued that, at his February 10, 1982 sentencing hearing, the trial court erred by failing to award him credit for all the actual days he spent in custody following his entry of a guilty plea on June 26, 1981.

On June 17, 2014, the trial court denied appellant's motion for correction. The court's primary reason for doing so was that the motion was untimely. Noting that minor had already challenged his 1981 conviction by direct appeal in 1982, and by two habeas corpus petitions in 2007, the court concluded that "an application for a custody credit correction at this time is a lack of diligence under any standard. It also violates the intent

2

of . . . Section 1237.1."[2]  The court provided as an additional reason for denying the motion the fact that appellant had failed to provide documentary support for his claim of error.  On June 24, 2014, appellant filed his notice of appeal of this ruling.

## DISCUSSION

As we previously stated, appellant's appointed counsel has filed an opening brief setting forth the material facts, but raising no issue for our consideration.  Counsel requests that we independently review the record to decide whether there exists any nonfrivolous issue for appeal.  (*People v. Wende, supra,* 25 Cal.3d 436; *People v. Kelly, supra,* 40 Cal.4th 106.)  In doing so, counsel has attested that appellant was advised of his right to file his own brief with this court, which right he has not exercised in a timely manner.

After an independent review of the record, we agree with appellant's counsel that there are no reasonably arguable legal or factual issues for our consideration given the blatant untimeliness of appellant's motion.  Section 1237.1 states:  "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, *or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court*."  (Italics added.)  Here, while appellant filed the requisite motion for correction of the record in the trial court (*People v. Delgado* (2012) 210 Cal.App.4th 761, 764), he waited over 30 years to do so.  Moreover, he failed to provide to the trial court, or to this court, any reason in law or fact why his delay of over 30 years in seeking to correct the record with respect to his custody credits should be excused.  As such, the trial court was quite justified in denying his motion.

"A petitioner will be expected to demonstrate due diligence in pursuing potential claims.  If a petitioner had reason to suspect that a basis for . . . relief was available, but

---

[2]    The court also provided the additional reason that "Section 3046 precludes the use of presentence conduct credits to offset the 25 year minimum term of [his] life sentence.  *People v. Philpot* (2004) 122 Cal.App.4th 893, 908-[90]9."

3

did nothing to promptly confirm those suspicions, that failure must be justified.' [Citation.]" (*In re Douglas* (2011) 200 Cal.App.4th 236, 244; see also *People v. Kim* (2009) 45 Cal.4th 1078, 1097-1098 ["The diligence requirement is not some abstract technical obstacle placed randomly before litigants seeking relief, but instead reflects the balance between the state's interest in the finality of decided cases and its interest in providing a reasonable avenue of relief for those whose rights have allegedly been violated"].) "Controlling case law clearly states the trigger for timeliness is when the petitioner or his counsel knew or reasonably should have known the legal basis of the claim and facts in support of that claim." (*In re Douglas, supra,* 200 Cal.App.4th at p. 243.) "A petition that has been substantially delayed may nevertheless be considered on the merits if the petitioner can establish good cause for the delay, such as investigation of a potentially meritorious claim, or to avoid the piecemeal presentation of claims." (*Id.* at p. 244.) However, "even constitutional error may be waived by unjustified or unexplained delay." (*Id.* at p. 245.) In this case, appellant's lengthy delay in filing the motion for correction of the record with respect to his custody credits is both unjustified and unexplained, and thus any claim he has of error has been waived.

Having ensured appellant received adequate and effective appellate review, we thus affirm the trial court's decision.[3] (*People v. Wende, supra,* 25 Cal.3d at pp. 441-442; *People v. Kelly, supra*, 40 Cal.4th at pp. 112-113.)

**DISPOSITION**

The judgment is affirmed.

_____<br>Jenkins, J.

---

[3] We have also considered and denied appellant's request to augment the record to include documents from 1981 and 1982 that relate to his underlying conviction and sentencing. Such documents bear no relevance to our determination of the claim of sentencing error raised in this appeal. As explained above, appellant's claim is waived, given his complete failure to attempt to justify or explain away his 30-plus-year delay in bringing it before the court.

4

We concur:


_____
McGuiness, P. J.


_____
Pollak, J.



*People v. James Patrick Griffin*, A142422