Filed 12/7/15  P. v. Eggen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051158 |
| v. | (Super. Ct. No. 12HF3510) |
| ERIC MARK EGGEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie Hix, Commissioner.  Affirmed in part, reversed in part and remanded.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Barry Carlton, Deputy Attorney General, for Plaintiff and Respondent.

Eric Mark Eggen appeals an order granting his petition for resentencing under Proposition 47. Although he approves of the trial court's reduction of his felony conviction to a misdemeanor, he contends the court erred in subjecting him to parole. We disagree. However, we do agree with appellant that his excess custody credits should be counted toward his parole period and his eligible fines. Therefore, we affirm in part, reverse in part and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKROUND

In 2013, appellant pleaded guilty to felony drug possession and admitted having suffered a prior strike conviction and served a prior prison term. (Health & Saf. Code, §§ 11377, subd. (a); Pen. Code, §§ 667, subds. (d)-(e)(2), 1170.12, subds. (b)-(c)(2), 667.5, subd. (b).)[1] As part of the plea agreement, the trial court struck appellant's priors and sentenced him to 16 months in prison. It also ordered him to register as a narcotics offender.

Following his release from prison, appellant was placed on post release community supervision (PRCS). In late 2014, he filed a petition for resentencing under section 1170.18, which was added to the Penal Code pursuant to Proposition 47. The trial court reduced appellant's felony conviction to a misdemeanor and resentenced him to 365 days in jail. It also placed appellant on parole for a period of one year.

DISCUSSION

Appellant contends the court erred in the first instance by subjecting him to parole, and then it compounded that error by failing to reduce the length of his parole and the amount of his eligible fines by his excess custody credits, i.e., the difference between the amount of custody credit he had on his original sentence and the term he received on resentencing. Appellant also contends the court erred in ordering him to register as a

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

2

narcotics offender. Although we find appellant was subject to parole upon resentencing, we agree with his other claims.

With respect to the imposition of parole, Proposition 47 draws a distinction between defendants who are currently serving their original sentence and those who have already completed their sentence. Whereas the law subjects defendants in the former category to one year of parole (§ 1170.18, subds. (a)-(d)), it does not require parole for defendants in the latter category (*id*., at subd. (f)).[2] Proposition 47 also states that anyone who is resentenced under its provisions "shall be given credit for time served" and that nothing in the law "is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." (§ 1170.18, subds. (d) & (m)).

Although these provisions seem straightforward, they have generated a rift in the Courts of Appeal regarding the issues presented in this appeal. While appellant's appeal was pending, this court filed *People v. Morales* (2015) 238 Cal.App.4th 42 (*Morales*), which amounted to a split decision for defendants. *Morales* held inmates like appellant, who are on PRCS at the time they seek Proposition 47 relief, are still serving their underlying sentence and are therefore subject to parole upon resentencing.

___

[2]      Section 1170.18 provides in pertinent part:
"(a) A person *currently serving a sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . .
"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.
" [¶] . . . [¶]
"(d) A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and *shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole. . . .
" [¶] . . . [¶]
"(f) A person who has *completed his or her sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (Italics added.)

3

However, they are entitled to have their excess custody credits counted toward their period of parole.

On the heels of *Morales*, the trial court issued an order modifying appellant's sentence. Among other things, the court reduced the length of appellant's parole period to account for his excess custody credits. However, a few weeks later, the California Supreme Court granted review of *Morales* (S228030)*,* as well as *People v. Hickman* (2015) 237 Cal.App.4th 984 (*Hickman*), a decision from the Second District which reached the opposite conclusion from *Morales* on the credits issue (S227964). The split then reemerged when the Second District reaffirmed the holding of *Hickman* in *People v. McCoy* (2015) 239 Cal.App.4th 431, review granted Oct. 14, 2015, S229296, and this court reaffirmed the holding of *Morales* in *People v. Armogeda* (2015) 240 Cal.App.4th 1039 (*Armogeda*).

Based on the foregoing, it is apparent the California Supreme Court is going to speak to the issues presented in this appeal. And when it does, its ruling will be dispositive of those issues. In the meantime, we still have to decide the proper resolution of appellant's case. While we salute the trial court's initiative in modifying appellant's sentence to comport with *Morales*, we believe the court lacked jurisdiction to make the modification because this appeal was already pending at that time. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916; *People v. Awad* (2015) 238 Cal.App.4th 215.) The modification order is therefore void. (*Ibid*.)[3]

Nevertheless, we continue to adhere to the position this court originally expounded in *Morales* and recently reaffirmed in *Armogeda* that defendants seeking resentencing under Proposition 47 are subject to parole if they are on PRCS, but the length of their parole should be reduced by their excess custody credits. (*Armogeda,*

---

[3]     Although section 1237.1 gives trial courts concurrent jurisdiction to correct errors involving the calculation of presentence credits while an appeal is pending, that section applies only to mathematical or clerical mistakes, not substantive issues like the ones involved in this case. (*People v. Delgado* (2012) 210 Cal.App.4th 761.)

4

*supra*, 240 Cal.App.4th at pp. 1044-1050.)  In addition, those credits should also be used to reduce the amount of the defendant's eligible fines.  (*Id*. at pp. 1047-1050.)  Therefore, the trial court was remiss for failing to apply appellant's excess custody credits in its original resentencing decision.  As the Attorney General concedes, the trial court also erred in requiring appellant to register as a narcotics offender because he was not convicted of an offense to which the registration requirement applies.  (See Health & Saf. Code, § 11590.)

## DISPOSITION

The trial court's modification order filed on August 5, 2015 is void.  The court's original resentencing order is affirmed except to the extent the court failed to consider appellant's excess custody credits in determining the length of his parole and the amount of his eligible fines.  The matter is remanded with directions for the court to apply appellant's excess custody credits to his fines and parole period and to strike his narcotics registration requirement.

BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.

5