Filed 8/31/16  P. v. Kilgore CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>CASEY ALEXANDER KILGORE,<br><br>        Defendant and Appellant. | A146251<br><br>(Solano County<br>Super. Ct. No. FCR310086) |

        Defendant Casey Alexander Kilgore was convicted of a theft offense and, 15 months later, was convicted of assault.  Following Kilgore's second conviction, the trial court imposed an aggregate sentence for the two offenses pursuant to Penal Code section 1170.1, subdivision (a).[1]  Kilgore's sole contention on appeal is that the trial court misunderstood the consequences of the sentence it imposed, and he asks this court to remand the matter for resentencing.  The appeal relies on an audit of his earliest possible parole date (EPD) prepared by the California Department of Corrections and Rehabilitation (CDCR), which Kilgore admits he has not received and which is not even part of the record on appeal.  Because we do not consider matters outside the record and Kilgore has not otherwise established reversible error, we affirm.

### BACKGROUND

        In 2014, Kilgore was convicted of felony grand theft involving a motor vehicle with a prior conviction in violation of section 666.5.  He was sentenced to a term of four

---

[1] Further statutory references are to the Penal Code.

1

years to be served in county jail. While serving his sentence, Kilgore assaulted a fellow inmate at the Solano County Detention Facility. In 2015, a jury found him guilty of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) and found that he inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).

The trial court imposed an aggregate sentence of 11 years based on (1) a principal term for the assault conviction of nine years, consisting of the midterm of three years for the offense, plus three years for inflicting great bodily injury, plus three one-year enhancements for prior prison terms, and (2) a subordinate term for the conviction of grand theft with a prior of two years, consisting of one year for the offense (one-third of the midterm), plus one year for a prior prison term. The trial court awarded Kilgore 1152 days of presentence custody credits, based on 576 days of actual time served and another 576 days of conduct credits, pursuant to section 4019.[2]

## DISCUSSION

The premise of Kilgore's appeal is that at some point in the future the CDCR will not follow the trial court's award of presentence custody credits. Specifically, he believes the CDCR will not grant him 576 days of conduct credits (as provided in the abstract of judgment), but instead will credit him only 86 days, based on a calculation of 15 percent of his actual time served under section 2933.1.[3] Kilgore implicitly accepts the CDCR's calculation, and he asks us to remand the matter for resentencing. It seems his theory is that the trial court intended to impose a sentence that would require Kilgore to serve a certain amount of time in state prison, but the sentence imposed will result in

---

[2] Section 4019 generally provides a prisoner may earn one day of conduct credit for each day spent in actual custody. (§ 4019, subd. (f).) "Conduct credit" refers collectively to worktime credit and good behavior credit. (*People v. Dieck* (2009) 46 Cal.4th 934, 939.)

[3] Section 2933.1, subdivision (c), provides, "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail . . . , following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person" convicted of a felony offense listed in subdivision (c) of section 667.5 (listing "violent felony" offenses).

Kilgore serving a longer time because the court erred in applying section 4019 to determine his presentence custody credit.

As an initial matter, we reject the Attorney General's argument that the appeal should be dismissed because Kilgore did not file a motion in the trial court to correct the calculation of presentence custody credits pursuant to section 1237.1.[4] This statute bars a claim of error regarding custody credits that was not raised in the trial court when the asserted error is merely arithmetic or clerical; it does not apply to a claim that the trial court applied the wrong statute in determining the presentence custody credits. (*People v. Delgado* (2012) 210 Cal.App.4th 761, 765–766.) Since Kilgore's appeal is not an attempt to correct an arithmetic or clerical error, dismissal of the appeal is not warranted.

Nonetheless, Kilgore's appeal fails. In the opening brief, his counsel explains, "this brief is based upon the EPD communicated from [Kilgore]." But this information, assertedly conveyed from Kilgore to his counsel, is not in the appellate record. Kilgore's counsel recognizes the appeal "involves matters both within and outside the record," and she asserts she "is awaiting the results of an audit of the . . . [EPD] from the CDCR."[5]

We cannot accept counsel's representation that the CDCR is not going to follow the trial court's award of presentence conduct credit. "Matters not presented by the record cannot be considered on the suggestion of counsel in the briefs." (*People v. Gardner* (1969) 71 Cal.2d 843, 849; see *People v. St. Martin* (1970) 1 Cal.3d 524, 537– 538 ["ordinarily matters not presented to the trial court and hence not a proper part of the record on appeal will not be considered on appeal"]; Cal. Rules of Court, rule 8.204(a)(2)(C) [appellant's opening brief must "[p]rovide a summary of significant facts

---

[4] Section 1237.1 provides, "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."

[5] In Kilgore's opening brief on appeal, filed April 18, 2016, counsel also states that Kilgore "expects to file a writ of habeas corpus soon after the filing of this brief, containing that information," presumably referring to the CDCR calculation of Kilgore's EPD. As of August 31, 2016, no writ has been filed.

limited to matters in the record"].)  Kilgore does not raise any other claim of error, and he apparently would have no complaint if he is credited 1152 days total custody credit as provided in the abstract of judgment.[6]

" 'Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error.'  [Citation.]  ' "We must indulge in every presumption to uphold a judgment, and it is [the appellant's] burden on appeal to affirmatively demonstrate error—it will not be presumed.  [Citation.]" [Citations.]' " (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.)  Kilgore has not met his burden in this case.  Accordingly, we affirm the judgment.[7]

## DISPOSITION

The judgment is affirmed.

---

[6] The Attorney General takes the position that the trial court properly calculated Kilgore's presentence custody credits as 1152 days.  Thus, she implicitly agrees with the trial court that section 4019 (rather than section 2933.1) applies in the determination of Kilgore's custody credits.  In his reply brief, Kilgore does not dispute the Attorney General's position.

[7] We express no opinion on the merits of a petition for writ of habeas corpus on the issue Kilgore attempts to raise in this appeal.

_____
Miller, J.

We concur:


_____
Kline, P.J.


_____
Richman, J.


A146251, *People v. Kilgore*

5