Filed 1/26/24  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080980 |
| v. | (Super.Ct.No. RIF1701765) |
| RAUL HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Raul Hernandez pled guilty to multiple counts of robbery and was sentenced to 30 years eight months in prison. The trial court granted Hernandez 2,083 days of actual custody credit and 366 days of good time conduct credit. Upon being notified by the California Department of Corrections and Rehabilitation (CDCR) that Hernandez may have been sentenced to more time than authorized by law, the court revised Hernandez's sentence but awarded no additional custody credits for the time between his original sentencing and his resentencing. Hernandez appeals, arguing that the trial court erred by failing to award him additional custody credits for that time. Because Hernandez did not first present the custody credits claim in the trial court, and he raises no other issues on appeal, we lack jurisdiction and therefore dismiss the appeal.

BACKGROUND

Hernandez pled guilty to five counts of robbery (Pen. Code, § 211; unlabeled statutory references are to this code) and admitted personal use of a firearm as to one count (§ 12022.53, subd. (b)). He also admitted a prior strike conviction under the three strikes law. (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2).) The trial court sentenced Hernandez to 30 years eight months in state prison. His sentence consisted of the upper term of five years on the first robbery count, doubled to 10 years under the three strikes law, plus 10 years for the firearm enhancement and two years eight months for each of the remaining robbery counts. The court granted 2,083 days of presentence custody credit for actual time and 366 days of good time conduct credits, for a total of 2,449 days of presentence custody credit.

2

Thereafter, the CDCR informed the trial court that Hernandez should have been sentenced to two years (instead of two years eight months) on each of the four subordinate robbery counts. The CDCR requested that the court review its file.

In response to the correspondence from the CDCR, the court imposed a new 28-year term consisting of the five-year upper term for the first robbery count, doubled to 10 years for the prior strike, plus 10 years for the firearm enhancement and two years for each of the remaining robbery counts. The resentencing minute order does not mention custody credits. The amended abstract of judgment reflects only the credits that were awarded at the original sentencing: 2,083 days of actual time and 366 days of conduct credits.

DISCUSSION

Hernandez argues that the trial court erred by failing to recalculate his custody credits at the resentencing hearing. He contends that he should have been awarded an additional 305 days of custody credit for his time in prison between his sentencing hearings, for a total of 2,388 days of actual custody time (plus the 366 days of conduct credits). The People do not deny that Hernandez is entitled to the additional 305 days of credit, but they argue that the appeal must be dismissed under section 1237.1. Hernandez argues that section 1237.1 does not bar his appeal, because that section "expressly applies to presentence credits only" and "does not apply to post-sentence credits." We agree with the People.

If a defendant is imprisoned and later resentenced, "the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has

3

already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, 37 (*Buckhalter*).) However, under section 1237.1, "[n]o appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the calculation of presentence custody credits upon the defendant's request for correction."

Hernandez cites *Buckhalter* in support of his argument that custody time between initial sentencing and resentencing is properly characterized as "post-sentence prison custody and not presentence jail custody." In *Buckhalter*, the appellant argued that as a result of his sentencing remand, his original "sentence was vacated in all respects, and his status became as though he had never been sentenced. Therefore, he reason[ed], *all* his time in custody until [his] resentencing was *presentence* custody," making him eligible for "all actual-time and good behavior credit available to a presentence detainee." (*Buckhalter*, *supra*, 26 Cal.4th at p. 28.) The court considered whether the defendant was entitled to "earn good behavior credits under the formula specifically applicable to persons detained in a local facility, or under equivalent circumstances elsewhere, 'prior to the imposition of sentence' for a felony" or whether the defendant could earn credits "only under the so-called worktime system separately applicable to convicted felons

4

serving their sentences in prison." (*Id*. at p. 23) The court concluded that "a convicted felon once sentenced, committed, and delivered to prison is not restored to presentence status, *for purposes of the sentence-credit statutes*, by virtue of a limited appellate remand for correction of sentencing errors." (*Ibid*., italics added.) The court also held that when "an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' (§ 2900.1.)" (*Ibid*.)

Section 1237.1 is not the type of sentence-credit statute that was at issue in *Buckhalter*. Section 1237.1 codified "'developing case law requiring defendants to seek correction of *clerical or mathematical error* in calculation of presentence custody credits in the trial court to prevent misuse of appellate process for *ministerial purpose*' [Citation]." (*People v. Delgado* (2012) 210 Cal.App.4th 761, 765.) Thus, section 1237.1 prohibits an appeal that presents nothing more than "an error in 'doing the math' or . . . an apparent oversight in an award of credits." (*Id.* at p. 766.)

When the CDCR notified the trial court of the error in Hernandez's sentence, the court resentenced Hernandez but neglected to recalculate his custody credits. That is the only error that Hernandez seeks to correct on appeal, and it is precisely the type of oversight to which section 1237.1 applies. In section 1237.1, "presentence custody" refers to any time spent in custody before imposition of the sentence against which the time is to be credited. Hernandez is entitled to credit for all of his time in custody, but he must first seek relief in the trial court if he has no other issue to raise on appeal.

5

(§ 1237.1.)  Hernandez has not done that.  Consequently, we lack jurisdiction and must dismiss his appeal.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____
J.

We concur:

RAMIREZ _____
    P. J.

RAPHAEL _____
        J.