126 Cal.Rptr.2d 61 (2002)
102 Cal.App.4th 973
The PEOPLE, Plaintiff and Respondent,
v.
Salvador CLAVEL, Defendant and Appellant.
No. A097338.
Court of Appeal, First District, Division Two.
October 8, 2002.
Rehearing Granted November 1, 2002.
*62 David Y. Stanley, Reno, NV, for Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Senior Assistant Attorney General, Jeffrey M. Laurence, Margo J. Yu, Deputy Attorneys General, San Francisco, CA, Attorneys for Respondent.
Rehearing Granted November 1, 2002. See 127 Cal.Rptr.2d 660.
KLINE, P.J.
Respondent moves this court for an order dismissing the appeal filed by appellant Salvador Clavel on the ground that the appeal asserts a miscalculation of presentence custody credits and appellant failed to first pursue his remedy in the trial court, as required by Penal Code section 1237.1.[1] Because we find that appellant failed to properly move the trial court for the requested relief before filing this appeal, we shall dismiss the appeal.

BACKGROUND
A jury found appellant guilty of attempted murder, forcible rape, forcible sodomy, first degree robbery, first degree burglary, assault, elder abuse, and witness intimidation by force. The jury further found that appellant inflicted great bodily injury on the victim with respect to the forcible rape, forcible sodomy, assault, and elder abuse counts. The jury also found that that appellant committed burglary with intent to commit rape with respect to the forcible rape and forcible sodomy counts. On November 26, 2001, on remand after an appeal, the trial court sentenced appellant to prison for a determinate term of 26 years and four months, and an indeterminate term of 30 years to life. Appellant filed a notice of appeal on December 4, 2001.

DISCUSSION
Section 1237.1 provides: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court." (See also People v. Fares (1993) 16 Cal.App.4th 954, 958, 20 Cal.Rptr.2d 314.)
The sole issue raised by appellant on appeal is whether, as appellant claims, the trial court miscalculated his presentence custody and conduct credits.
Appellant acknowledges he did not file a formal motion with the trial court before commencing this appeal. He states that he did, however, send a letter to the trial court requesting that it amend the abstract of judgment due to alleged errors in the calculation of presentence custody credits. Appellant asserts that he "relied upon the letter format suggested by People v. Fares (1993) 16 Cal.App.4th 954, 20 Cal.Rptr.2d 314 and its progeny." He also maintains that requiring a defendant to file a formal motion in the trial court "ignores an important pragmatic and fiscal reality of indigent appellate practice. That is, appointed appellate counsel rarely have their offices sufficiently] close to the superior court in any given case that appearance on a superior court calendar could be cost effective."[2] Appellant further states *63 that his counsel has written many "Fares letters" and the trial court has nearly always amended the abstract of judgment as a result.[3]
The problem with appellant's argument is that both section 1237.1 and Fares itself explicitly require that a formal motion be filed in the trial court. Neither the statute nor the opinion suggests that an informal letter will suffice. (See § 1237.1 [no appeal shall be taken unless defendant "first makes a motion for correction of the record in the trial court"]; People v. Fares, supra, 16 Cal.App.4th at p. 958, 20 Cal. Rptr.2d 314 ["If a dispute arises as to the correct calculation of credit days, such should be presented on noticed motion" to the court that imposed sentence].) That there may also be a workable informal method of requesting correction of erroneous awards of presentence custody credits does not change the fact that once the matter is before us on appeal, the record must show that the defendant first filed a motion in the trial court raising the issue and requesting relief. (See § 1237.1; Fares, supra, at p. 958, 20 Cal.Rptr.2d 314.)
The difference between a formal motion and an informal letter is significant. Unlike a letter, a motion is necessarily a part of the record and compels judicial response. It is noteworthy that the informal letter to the court upon which appellant relies was not included in the record filed in this court by appellant, and was provided us by the Attorney General only in support of its motion to dismiss. Nor did the trial court apparently find it necessary to rule on the request set forth in the letter or respond to it in any other way. This informal procedure does not meet the needs of an orderly appellate process; nor does it fully protect the interests of criminal defendants.
Because the record on appeal contains neither a motion to amend the abstract of judgment to correct the alleged miscalculation of presentence custody credits, nor a trial court ruling on such a motion, the present appeal must be dismissed. Appellant of course is free to file a motion in the trial court requesting relief. (See People v. Fares, supra, 16 Cal.App.4th at p. 958, 20 Cal.Rptr.2d 314 ["There is no time limitation upon the right to make the motion to correct the sentence."].)

DISPOSITION
The appeal is dismissed.
We concur: LAMBDEN and RUVOLO, JJ.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] Appellant continues: "Thus, the letter format provides a method for appellate counsel to bring problems in the award of credit to the attention of superior court judges in the most cost-effective manner, and a properly-drafted letter, fully identifying the problem, as in this case, gives the superior court judge ample opportunity to correct the problem. Depending on local practice, this could include placing the matter on calendar to provide the district attorney with an opportunity to object, and re-appointing trial counsel for the defendant to represent his or her interests at that level if the matter is to be contested."
[3] Appellant continues: "In those rare cases in which a trial court has failed to respond, relief has been obtained in the Court of Appeal. Based on information and belief, present counsel's experience is consistent with that of others who do appointed appeals on a full-time, or substantially full-time basis."