Filed 4/25/13  P. v. Ognev CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GEORGIY M. OGNEV,<br><br>        Defendant and Appellant. | A134268<br><br>(San Francisco County<br>Super. Ct. No. 215984) |

Georgiy M. Ognev appeals from a judgment upon a jury verdict finding him guilty of misdemeanor simple assault (Pen. Code, § 240) and misdemeanor elder abuse (Pen. Code, § 368).  He contends that the trial court erroneously calculated both his presentence custody and conduct credits.  We conclude that defendant must first seek relief on the issue of credits in the trial court and therefore dismiss the appeal.

Penal Code section 1237.1 provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."

As the Attorney General points out, there is nothing in the record to reflect that defendant raised the issue of credits in the trial court.  Consequently, defendant may not raise the issue on appeal.  (Pen. Code, § 1237.5; *People v. Clavel* (2002) 103 Cal.App.4th 516, 518–519.)  "Because the record on appeal contains neither a motion to amend the abstract of judgment to correct the alleged miscalculation of presentence custody credits,

1

nor a trial court ruling on such a motion, the present appeal must be dismissed." (*Clavel, supra,* at p. 519.)

Defendant's reliance on *People v. Delgado* (2012) 210 Cal.App.4th 761, 765 is misplaced. There, the court held that Penal Code section 1237.1 did not require dismissal of an appeal where the issue on appeal is not whether custody credits were miscalculated, but under which version of Penal Code section 4019 the credits should have been calculated. (*Id.* at p. 764, 766.) "A determination of which version of a statute applies (which . . . may require interpretation and application of principles of statutory construction and constitutional law) is much different than a mere mathematical calculation." (*Id.* at p. 767.)

Here, defendant's claim on appeal is simply that his custody and conduct credits were incorrectly calculated. Since he has not sought relief on this issue in the trial court, we must dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

_____
Rivera, J.

We concur:

_____
Reardon, Acting P.J.

_____
Humes, J.