Filed 6/23/14  P. v. Knorr CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>KIMBERLY KAY KNORR,<br><br>      Defendant and Appellant. | C074208<br><br>(Super. Ct. No. 07F01299) |

Defendant Kimberly Kay Knorr appeals the judgment and sentence of the trial court claiming that the trial court miscalculated her presentence custody credits.  As this is defendant's only claim on appeal and there is nothing in the record to indicate she first sought correction of the alleged error in the trial court, we will dismiss the appeal.

"No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."  (Pen. Code, § 1237.1.)  Thus, where the only claim raised is

1

miscalculation of presentence credits, in the absence of a noticed motion to the trial court to correct the alleged miscalculation, we must dismiss the appeal. (*People v. Clavel* (2002) 103 Cal.App.4th 516, 519 (*Clavel*).)

Here, the court issued a written order imposing sentence, without reference to the calculation of presentence custody credits. That order invited parties to request a hearing on the matter, but nothing in the record indicates any hearing was requested or had. Thereafter, an amended abstract of judgment was entered awarding defendant 1,009 days of credit (878 actual days and 131 local conduct days).

Defendant contends this is a miscalculation of those credits, but she has not moved the trial court to correct the alleged error as required by Penal Code section 1237.1. She did, after filing the instant appeal, write a letter to the trial court requesting that it correct the alleged miscalculation and prepare an amended abstract of judgment. However, this informal procedure has been expressly rejected as failing to comply with the procedure mandated by Penal Code section 1237.1. (*Clavel*, *supra*, 103 Cal.App.4th at p. 519.) Therefore, defendant's contention is not properly before this court.

DISPOSITION

The appeal is dismissed.


      HULL      , Acting P. J.


We concur:



      MURRAY      , J.



      HOCH      , J.