Filed 10/20/14  P. v. Dufrisne CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C075637 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF132602) |
| v. | |
| PAUL DUFRISNE, | |
| Defendant and Appellant. | |

Defendant Paul Dufrisne appeals the judgment imposed following his plea of no contest to recklessly setting a fire and his admission of a prior strike conviction.  He contends the abstract of judgment must be corrected to accurately reflect the oral pronouncement of judgment.  The People properly concede this claim.  We accept the concession and order the trial court to correct the abstract of judgment.

## BACKGROUND[1]

An information charged defendant with recklessly setting a fire (Pen. Code, § 452, subd. (c); undesignated statutory references are to the Penal Code), a prison prior

---

[1]  Because of the limited nature of the issue raised on appeal, we provide only the factual background and procedural history relevant to the claim.

1

(§ 667.5, subd. (b)), and two prior strike convictions (§ 667, subds. (d) & (e)(2)). Defendant pleaded no contest to recklessly setting a fire and admitted one of the prior strikes. The trial court sentenced defendant to the stipulated term of 32 months in state prison and the remaining allegations were dismissed. The trial court imposed a $300 restitution fund fine (§ 1202.4), a suspended $300 parole revocation fine (§ 1202.45), a $40 court security fee (§ 1465.8), and a $30 penalty assessment (Gov. Code, § 70373). The abstract of judgment accurately reflects the imposition of those fines and fees. However, the abstract of judgment also reflects the imposition of a $300 probation revocation fine under section 1202.44, stating that fine "is now due, probation having been revoked." That fine was not included in the oral pronouncement of judgment. There is no evidence in the record that this case involved a revocation of probation.

**DISCUSSION**

As a general rule, when the record of the court's oral pronouncement of judgment regarding sentencing conflicts with the clerk's minute order, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Mesa* (1975) 14 Cal.3d 466, 471 [rendition of judgment is an oral pronouncement; where discrepancy exists between oral judgment and that entered in the minutes, clerical error in minutes is presumed].) Here, the oral pronouncement of judgment does not reflect the imposition of a probation revocation fine under section 1202.44. Nor would such a fine have been appropriate in this case, as there is no indication defendant was on probation at the time the offense was committed and subject to a probation revocation fine. "[T]his court has the inherent power to correct the judgment to reflect what the law requires. [Citations.]" (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 435.) Accordingly, we will order the trial court to correct the abstract of judgment to accurately reflect the judgment imposed.

The error in the abstract of judgment was the only issue raised on appeal. We note, as was the case in *People v. Fares* (1993) 16 Cal.App.4th 954, 959 (*Fares*), the trial court had authority to correct this error. The trial court's power to correct its judgment

2

includes corrections required not only by errors of fact but also corrections required by errors of law. "Where a remedy is available in a lower echelon of judicial administration, recourse to such should be required before the resort to appellate review." (*Ibid*.) "The most expeditious and . . . appropriate method of correction of errors of this kind is to move for correction in the trial court." (*Id.* at p. 958.) Therefore, if a defendant can make the proper showing, he is "free to file a motion in the trial court requesting relief." (*People v. Clavel* (2002) 103 Cal.App.4th 516, 519.) A motion in the trial court would have been the most expeditious method of resolving this claim. We recommend that course of action in the future.

## DISPOSITION

The judgment is affirmed. The trial court is ordered to correct the abstract of judgment to reflect the judgment and delete the reference to the $300 probation revocation fine, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation. (§1202.44.)


                                                                      RAYE          , P. J.


We concur:


        BLEASE        , J.


        MAURO        , J.