Filed 7/22/15  P. v. Vandiver CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C076179 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F1404) |
| v. | |
| WALTER THOMAS VANDIVER, | |
| Defendant and Appellant. | |

On appeal following a no contest plea to receiving a stolen vehicle with a prior conviction involving a stolen vehicle (Pen. Code, § 666.5)[1] and admission of a prior strike conviction (§ 1170.12) and two prior prison terms (§ 667.5, subd. (b)),[2] defendant

---

[1] Undesignated statutory references are to the Penal Code.

[2] In addition to these pleas and admissions in case No. 13F1404, defendant simultaneously pleaded guilty to grand theft (§ 487), which was reduced to a misdemeanor in case No. 12F7454, and pleaded no contest to misdemeanor unlawful resistance of a peace officer (§ 148, subd. (a)(1)) in case No. 12M6712.  For each of these convictions, defendant was sentenced to a concurrent 180-day incarceration.

Walter Thomas Vandiver requests this court to correct the abstract of judgment, claiming it inaccurately reflects the sentence imposed by the trial court.

We reject this contention and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

The trial court sentenced defendant to an aggregate term of 10 years, calculated as follows: the upper term of four years doubled pursuant to the prior strike conviction and two one-year terms for the prior prison enhancements. The abstract of judgment reflects defendant was sentenced to eight years in state prison for his receipt of a stolen motor vehicle in violation of section 666.5 and further explains: "Deft. sentenced per PC 667(b)-(i) or Penal Code 1170.12 (two strikes)." The abstract further indicates that defendant was sentenced to two additional years for two prior prison terms pursuant to section 667.5, subdivision (b). On line 9, the abstract reads: "TOTAL TIME IMPOSED . . . 10 [years]."

A person convicted of violating section 666.5, like defendant, "shall be punished by imprisonment . . . for two, three, or four years . . . ." (§ 666.5, subd. (a).) However, pursuant to sections 667, subdivision (e)(1), and 1170.12, subdivision (c)(1), "[i]f a defendant has one prior serious and/or violent felony conviction [i.e., a strike] . . . that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." Thus, defendant's term for violating section 666.5, because he was sentenced pursuant to section 1170.12, is not four years but eight. There is no error in the abstract of judgment.

The abstract accurately reflects that defendant was sentenced to the upper term for his violation of section 666.5 and that he was sentenced "per" section 667,

---

[3] We dispense with a recitation of the facts underlying defendant's convictions because they are unnecessary to the resolution of the instant appeal.

subdivisions (b)-(i), or 1170.12, which would lead to the applicable term of eight years for that conviction. By using the words in capitalized font, "TOTAL TIME IMPOSED," *the abstract also correctly reflects the total aggregate term imposed was 10 years*, including the two prison term enhancements. Thus, contrary to defendant's apparent concern, there is no reasonable possibility that the abstract of judgment can be misconstrued as erroneously indicating a total term of 18 years.[4] Therefore, we reject defendant's contention that the already accurate abstract of judgment requires correction by this court.[5]

---

[4] Defendant fears the California Department of Corrections could read the abstract as indicating defendant was sentenced to a term of eight years and that term must be doubled to 16 years, plus two years for the prison terms. As we have noted, the upper term for the offense for which defendant was convicted is four years, and we are confident prison officials are familiar with the statutory triad. We are equally confident that prison officials would recognize that an upper-term sentence of eight years without applying the strike would be an unauthorized sentence.

[5] We also note that after this appeal was initiated, defendant wrote a letter "in the spirit of" *People v. Fares* (1993) 16 Cal.App.4th 954, 958, to the trial court asking it to correct the abstract of judgment. For counsel's edification, both *Fares* and *People v. Clavel* (2002) 103 Cal.App.4th 516, 519, contemplate the use of a *formal motion* as opposed to an *informal letter* to seek correction of errors in an abstract of judgment. Defendant indicates the trial court denied that request, though there is nothing in the record to verify that assertion. Thus, defendant's assertion that the trial court "abused its discretion" in refusing to correct the error is not properly before us because there is no order denying such relief. (See *Clavel*, at p. 519.)

**DISPOSITION**

The judgment is affirmed.


                                                            MURRAY_____, J.


We concur:


_____ROBIE_____, Acting P. J.


\_\_\_\_\_MAURO_____, J.

4