Filed 6/14/21  P. v. Ponce CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080713 |
| Plaintiff and Respondent, | (Tulare Super. Ct. No. PCF382095) |
| v. | |
| TOMMY PONCE, JR., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County. Antonio A. Reyes, Judge.

Kristine Koo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P.J., Levy, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Tommy Ponce, Jr. was convicted of commercial burglary and sentenced to 32 months in prison. On appeal, his counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

Around 8:00 a.m. on June 20, 2019, the burglar alarm sounded at the Greyhound Bus Station in Tulare, and the alarm company notified Guy Laber, the owner and operator of the station. The station did not open until 10:00 a.m., and the doors and windows had been locked.

When Mr. Laber arrived at the station, he found that a window at the front entrance had been pried open and pushed in. When Mr. Laber entered the business office at the back of the building, he discovered the cash drawer was open and his Rolodex had been moved, but no cash was taken. The locked cabinets had been opened, and a beer and various items were scattered on the counter. The alarm keypad had been ripped off the wall, and that stopped the alarm from continuing to sound. Various papers, bus forms, and a suitcase with clothes were missing. The suitcase had been left unclaimed by a traveler. The culprit had not taken a laptop, keyboard, monitor, and cash from the cash drawer.

Tulare Police Officer Aguayo testified he initially responded to the burglar alarm around 7:55 a.m. He looked around the property, did not find any signs of entry, and left the area. About 25 minutes later, Aguayo received another dispatch based on Mr. Laber's call for assistance. He met with Mr. Laber and saw the window had been pushed in.

Mr. Laber played the bus station's security surveillance video for Officer Aguayo, and it showed a man prying open the window and entering the building. The suspect

2.

walked to the back of the business, looked through the cash drawer, took some property, scattered other items on the counter, and left through the window with the suitcase. The video also showed the suspect had tattoos, and there were brand logos on the back of his tank top and cap. Mr. Laber did not know or recognize defendant and did not give him permission to enter the building.

Officer Aguayo broadcast a description of the suspect based on what he saw on the video.

Officer Michael Clark found defendant sitting on a bench at the Tulare Transit Center, across the street from Greyhound, and determined he matched the description based on his tattoos and clothing. Clark asked defendant if he would agree to be searched, and defendant gave his consent and was cooperative. When defendant stood up from the bench, Clark saw a large set of locks and keys that he had been sitting on. Defendant was found in possession of miscellaneous business cards and a carpenter's chisel. There were Greyhound tickets, receipts, and forms scattered on the ground near defendant, along with a knife, clothing, and a brown suitcase.

Officer Aguayo went to defendant's location and confirmed that he matched the suspect's appearance from the surveillance video. Mr. Taber later went to the location and identified defendant as the suspect in the video, and also identified the suitcase, papers, locks, and keys as property taken from the bus station.

Officer Clark arrested defendant and drove him to the police department to conduct an interview. Clark advised him of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, and defendant agreed to answer questions. Defendant denied any involvement in the break-in. Clark informed defendant the security video showed him inside the bus station. Defendant admitted he went inside, claimed he was looking for clothing and food for children, and said he was going to donate the food and clothes to children.

3.

Officer Clark had seen various food items in the bus depot, but there was no food around defendant's location when he was taken into custody. The clothing had been removed from the suitcase but there were no children present.

## PROCEDURAL BACKGROUND

On October 8, 2019, a first amended information was filed in the Superior Court of Tulare County that charged defendant with count 1, second degree commercial burglary (Pen. Code, § 459), with one prior strike conviction and four prior prison term enhancements.

On October 16, 2019, after a jury trial, defendant was convicted as charged. On October 21, 2019, defendant admitted the prior strike conviction and three prior prison term enhancements. The court granted the People's motion to dismiss the fourth prior prison term enhancement.

On January 9, 2020, the court denied defendant's request to dismiss the prior strike conviction pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court acknowledged the current conviction was not a serious or violent felony, but denied the request because defendant's record of adult convictions begin in 2000 and was continuous; he was on probation and mandatory supervision when he committed the offense; his criminal offenses "continues and it continues," and "[i]t's a never ending story." However, the court stated it would not impose the prior prison term enhancements.

The court imposed the lower term of 16 months, doubled to 32 months as the second strike term, and stayed the prior prison term enhancements.

In case No. PCF367657, the court terminated probation, imposed a concurrent term of two years with credit for time served, and stated that defendant had already served the sentence.

In case No. PRCS002764, the court terminated defendant's postrelease community supervision and imposed a concurrent jail term.

Finally, in case No. TCF116270-03, the court granted defendant's petition pursuant to Proposition 47 and reclassified his felony violation of Health and Safety Code section 11377 to a misdemeanor, without objection from the People.

**Postjudgment motion**

On February 4, 2020, defendant filed a timely notice of appeal.

On August 21, 2020, appellate counsel filed a request with the trial court to correct the record pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954 and *People v. Clavel* (2002) 103 Cal.App.4th 516. Counsel noted that the court had stayed the prior prison term enhancements, and the abstract of judgment reflected the enhancements had been stayed. Counsel requested the court fully strike these enhancements since they could no longer be imposed, as a result of the enactment of Senate Bill 136 (2019-2020 Reg. Sess.) that became effective on January 1, 2020, and issue an amended abstract of judgment.

On August 31, 2020, the trial court filed an amended abstract of judgment without reference to the prior prison term enhancements.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on November 9, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.