Filed 8/16/21  P. v. Avena CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARLOS AVENA,<br><br>    Defendant and Appellant. | B307362<br><br>Los Angeles County<br>Super. Ct. No. A362244 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas Sortino, Judge. Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr. and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant Carlos Avena was resentenced to two life terms without the possibility of parole. On appeal, he contends the trial court erred by failing to award him presentence worktime credits. We disagree and affirm the judgment.

# BACKGROUND

## 1. Factual and Procedural History

In 1981, Avena was convicted and sentenced to death by a jury on two counts of first degree murder for killings he committed during a carjacking in 1980.[1] (Pen. Code, § 187; all further undesignated statutory references are to this code.) He was also convicted of robbery, attempted robbery, two counts of assault with a deadly weapon, and two counts of assault with intent to commit murder. (§§ 211, 664/211, 245, subd. (a), and former § 217.) In 1996, the California Supreme Court vacated one special circumstance finding but otherwise affirmed the guilt and penalty judgments in their entirety. (*Avena I, supra,* 13 Cal.4th at p. 408.)

In 2019, the Ninth Circuit held that "the California Supreme Court was objectively unreasonable in concluding that Avena failed to show prejudice and denying Avena's claim for ineffective assistance of counsel at the penalty phase." (*Avena II, supra,* 932 F.3d at p. 1253.) Accordingly, it reversed the judgment

---

[1] The facts and procedural history are drawn from the California Supreme Court's opinion in Avena's direct appeal (*People v. Avena* (1996) 13 Cal.4th 394 (*Avena I*), and the Ninth Circuit's opinion reversing the district court's denial of Avena's habeas corpus petition. (*Avena v. Chappell* (9th Cir. 2019) 932 F.3d 1237 (*Avena II*).)

of the district court on the certified claim of ineffective assistance of counsel at the penalty phase, and instructed the district court "to grant the Writ of Habeas Corpus as to Avena's sentence unless the state court resentences Avena within a reasonable time to be determined by the district court." (*Ibid.*)

## 2. Avena's Resentencing, Appeal, and Request for Conduct Credits

After the case was remanded from the district court, the People elected not to retry the penalty phase. On June 26, 2020, the superior court vacated Avena's death sentence and resentenced him to two life terms without the possibility of parole for the first-degree murder convictions. At Avena's resentencing hearing, the issue of calculating his presentence credits was raised by the court. Based on defense counsel's calculations, the court awarded Avena 14,531 presentence credits for actual time served. Neither side mentioned conduct or worktime credits, and the court did not award Avena any conduct or worktime credits. On August 21, 2020, Avena filed a timely notice of appeal.

During the pendency of the appeal, Avena's appellate counsel submitted a letter to the superior court pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954 and *People v. Clavel* (2002) 103 Cal.App.4th 516, requesting that the court award Avena pretrial conduct credits. On February 16, 2021, the court denied the request.[2]

_____

[2] At Avena's request, we augmented the record to include the letter and the court's minute order denying the request for conduct credits. Although he did not appeal the court's February 2021 ruling, we address the merits of Avena's contentions. (See *People v. Delgado* (2012) 210 Cal.App.4th 761, 763 [section 1237.1 "does not preclude a defendant from raising, as the sole issue on an appeal, a claim his or

## CONTENTIONS

Avena challenges the trial court's failure to award him presentence worktime credits. Specifically, he contends that because he committed the murders before the enactment of section 2933.2, he should have received worktime credits in addition to his actual presentence custody time of 14,531 days. The People agree that section 2933.2 applies only to offenses committed after the statute's effective date. They contend, however, that based on former section 4019 and other provisions, Avena was not entitled to receive conduct credits.

## DISCUSSION

A defendant sentenced to prison for criminal conduct is entitled to credit against his term for all actual days of presentence and postsentence custody and while in prison custody, "can earn postsentence good behavior/worktime credits (§ 2931) or prison worktime credits (§ 2933) to shorten the period of incarceration." (*People v. Cooper* (2002) 27 Cal.4th 38, 40.) " 'Conduct credit' collectively refers to worktime credit … and to good behavior credit pursuant to section 4019, subdivision (c)." (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.)

Section 2933.2 prohibits any person convicted of murder from accruing any presentence conduct or worktime credit. The statute applies, however, only to offenses committed after its effective date of June 3, 1998. (§ 2933.2, subd. (d), as approved by voters (Prop. 222) June 2, 1998; see *People v. Hutchins* (2001) 90

---

her presentence custody credits were calculated pursuant to the wrong version of the applicable statute"].)

Cal.App.4th 1308, 1317 (*Hutchins*).) Because Avena committed his crimes in 1980, we agree with the parties that section 2933.2 does not apply in this case. Avena, however, was not entitled to presentence custody credits under other statutory provisions.

"Section 4019 sets forth a statutory scheme for presentence custody credits." (*People v. Adams* (2004) 115 Cal.App.4th 243, 262 (*Adams*).) The current version of section 4019 specifies that it applies only to offenses committed on or after October 1, 2011. (§ 4019, subd. (h).) Section 4019 provides that conduct credits for offenses committed prior to October 1, 2011, should be calculated "at the rate required by the prior law." (*Ibid*.)

In 1980, section 4019 provided that "a defendant shall receive one-for-six days' credit for 'good behavior' (subd. (c)) and one-for-six days' credit for 'work time' (subd. (b)) for prisoners 'confined in or committed to a county jail … , including all days of custody from the date of arrest to the date on which the serving of the sentence commences, under a judgment of imprisonment, or a fine and imprisonment until the fine is paid in a criminal action or proceeding.' ([Former] § 4019, subd. (a)(1), as amended by Stats. 1978, ch. 1218, § 1, p. 3941.) Section 2931 provided that a defendant who makes bail or is released on his own recognizance, then is tried, convicted of a felony, and sentenced to state prison receives conduct credit against his full sentence." (*Adams*, *supra*, 115 Cal.App.4th at pp. 262–263.)

When Avena committed his crimes, former section 4019 applied to a prisoner confined in jail under a judgment of imprisonment "only when sentenced in a misdemeanor proceeding." (*People v. Sage* (1980) 26 Cal.3d 498, 504 (*Sage*).) And, by its express terms, section 2931 applied to felony defendants who were released pretrial. That is, "[o]nly the

5

presentence detainee eventually sentenced to prison did not receive conduct credit against his full sentence because he is denied credit for his presentence confinement. Thus, in [1980] at the time of [Avena's] offense[s], there was no express statutory entitlement for felons awaiting trial to receive presentence conduct credits." (*Adams*, *supra*, 115 Cal.App.4th at p. 263.)

To be sure, in *Sage*, the California Supreme Court held that principles of equal protection required awarding presentence conduct credits to detainees awaiting trial on felony offenses in county jail. (*Sage*, *supra*, 26 Cal.3d at p. 508.) The *Sage* holding, however, did not extend to felons sentenced to an indeterminate life term. As explained in *People v. Garcia* (1981) 115 Cal.App.3d 85, "section 2931, by its terms, applies only to persons sentenced pursuant to Penal Code section 1170. Appellant was sentenced to a term of straight life imprisonment pursuant to former Penal Code section 190 and Penal Code section 1168, subdivision (b). [¶] At the time that appellant committed her offense there was no statutory provision for awarding life prisoners conduct credits. (See former § 190, Stats. 1977, ch. 316, § 5, pp. 1256–1257.) Thus, there was no arbitrary discrimination between classes of life prisoners. The legislative distinction made was between persons sentenced to straight life imprisonment and other felons." (*Id.* at pp. 112–113, fn. omitted, disapproved on another ground in *People v. Marsh* (1984) 36 Cal.3d 134, 141.)

"Other provisions of the Penal Code dealing with good time/work time credits were in accord. At the time of [Avena's] offense[s], section 2900.5 (added by Stats. 1971, ch. 1732, § 2) required the trial court to award conduct credits under section 4019 as against a 'term of imprisonment.' Section 2900.5, subdivision (c) defined 'term of imprisonment' to include 'any

period of imprisonment including any period of imprisonment prior to release on parole and any period of imprisonment and parole, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency.' This definition excluded sentences without the possibility of parole." (*Adams*, *supra*, 115 Cal.App.4th at p. 264.)

Avena's reliance on *People v. Chism* (2014) 58 Cal.4th 1266 and *Hutchins* is misplaced. *Chism* held that section 2933.2, which as we noted limits presentence conduct credits, applies only to crimes committed after June 3, 1998. (*Chism*, at p. 1336.) The defendant in *Chism* committed his crimes in 1997 and was awarded conduct credits based on the *1982* version of section 4019. (*Chism*, at p. 1336.) And the *Hutchins* court held that under the May 1998 version of section 190—i.e., prior to the passage of Proposition 222 in June 1998—the defendant *might* be entitled to presentence conduct credits. (*Hutchins*, *supra*, 90 Cal.App.4th at p. 1317.) Unlike the defendants in *Chism* and *Hutchins*, Avena committed his crimes in 1980 when sections 4019 and 190 did not allow him to earn presentence conduct credits.

In sum, Avena has not shown he was entitled to presentence conduct credits under the existing statutory scheme. Rather, his commission of the murders in 1980, and original death sentence and subsequent sentence of life in prison without the possibility of parole, rendered him statutorily ineligible for conduct credits. Thus, the court did not err.

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

HILL, J.*

---

\* Judge of the Santa Barbara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.