Filed 10/17/22 P. v. Cropper CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RICKY DEE CROPPER, Defendant and Appellant. | F083903 (Super. Ct. No. F21909249) **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. Monica R. Diaz, Judge.

Lillian Hamrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Peña, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This is an appeal following a plea of no contest, raising sentencing issues, and is authorized by California Rules of Court, rule 8.304(b). It is authorized by Penal Code section 1237.

## STATEMENT OF THE CASE

In a complaint filed December 7, 2021,[1] Cropper was charged with criminal threats (Pen. Code,[2] § 422; count 1), and misdemeanor contempt of court in a pending case (§ 166, subd. (c)(1); counts 2, 3 & 4).

On December 8, Cropper's arraignment was continued because he was in the hospital. He was arraigned the next day, December 9, at which time he pleaded not guilty. A protective order was filed that day.[3] (§ 136.2).

On December 15, Cropper signed a Felony Advisement, Waiver of Rights, and Plea Form, pleading no contest to count 1 and the dismissal of the remaining counts in exchange for a 16-month maximum sentence. The court indicated a "no initial state prison with release at sentencing, based upon the facts as presented through the People" on that date. Cropper acknowledged that he had read and initialed the boxes on the change of plea form and understood the rights he was waiving. There was a stipulated factual basis for the plea.

At the sentencing hearing on January 31, 2022, the trial court heard statements from the victim's mother, a friend of the victim, and the victim. After hearing these statements, the court withdrew its indicated sentence and offered Cropper the opportunity

---

[1] References to dates are to dates in 2021 unless otherwise stated.

[2] All statutory references are to the Penal Code unless otherwise stated.

[3] The protective order indicates it was served on Cropper on December 8, presumably at the arraignment scheduled for that date and subsequently continued to December 9. Because Cropper was in the hospital on December 8, that service date appears to be an error. The protective order most likely was served on December 9.

2.

to withdraw his plea; he did not. Cropper made a statement and, following this statement, the court denied probation, and sentenced Cropper to the mitigated term of 16 months in state prison. The court awarded him credits in the amount of 109 days and imposed a $300 restitution fine (§ 1202.4), a $40 court operations assessment fee (§ 1465.8), and a $30 conviction assessment fee (Gov. Code, § 70373).

## STATEMENT OF FACTS[4]

The complaint filed on December 7, 2021, alleges that on or about November 25, 2021, Cropper "willfully and unlawfully threaten[ed] to commit a crime which would result in death and great bodily injury to Jane Doe, with the specific intent that the statement be taken as a threat." The complaint further alleges that "the threatened crime, on its face and under the circumstances in which it was made, was so unequivocal, unconditional, immediate and specific as to convey to Jane Doe a gravity of purpose and an immediate prospect of execution." Finally, the complaint alleges that "Jane Doe was reasonably in sustained fear of [her] safety and the safety of [her] immediate family."

## APPELLATE COURT REVIEW

Cropper's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Cropper was advised he could file his own brief with this court. By letter on August 25, 2022, we invited Cropper to submit additional briefing.

In response to our invitation, Cropper filed a supplemental appellant's opening brief on September 29, 2022, which the court has read and considered. Cropper sets forth a number of complaints about the investigation of the case, the conduct of his counsel,

---

[4] A more detailed description of the facts of the case may be found in the probation officer's report. !(CT 34-35)!

3.

and the actions of the trial court judge. Significantly, he never explains why he did not withdraw his plea and contest the case when that opportunity was explicitly offered to him by the court at sentencing. He presents no issues that would warrant relief on appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Cropper.

We note, however, appellate counsel on May 23, 2022, filed with this court a letter indicating a letter[5] was sent to the trial court judge disputing Cropper's custody credits. Counsel's credit calculation appears correct and is inconsistent with the credits actually awarded. Although we have no reason to doubt counsel's calculation, nothing in the record, other than the probation report, establishes the date on which Cropper was incarcerated. Accordingly, we cannot order the requested relief but will direct the trial court to verify the credits.

## DISPOSITION

The judgment is affirmed. The trial court is directed to verify the proper custody credits were awarded and, if not, to correct the award, issue an amended abstract of judgment, and forward it to the appropriate parties. (See *People v. Rivera* (2019) 7 Cal.5th 306, 349; *Fares*, *supra,* 16 Cal.App.4th 954.)

---

[5] The letter filed in this court is simply a purported copy of the letter sent to the trial court. We judicially notice the filing in this court. (Evid. Code, § 452, subd. (d).) Appellate counsel informed the trial court, pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954 (*Fares*), and *People v. Clavel* (2002) 103 Cal.App.4th 516, of a purported error in calculating Cropper's presentence custody credits. The court awarded Cropper 109 days (55 actual, 54 good time/work time) based on the probation officer's calculation that the period from arrest on December 6, 2021, through the date of sentencing, January 31, 2022, was 55 actual days, to which was added 54 days of "conduct" credit. Counsel contends the period from arrest through sentencing was actually 57 days, to which should be added 56 days of "conduct" credit, for a total of 113 days of presentence credit.