Filed 12/8/15  P. v. Morgan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051397 |
| v. | (Super. Ct. No. 12CF3000) |
| WILLIAM BRANDON MORGAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Commissioner.  Affirmed in part, reversed in part and remanded.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

William Brandon Morgan appeals an order granting his petition for resentencing under Proposition 47. Although he approves of the trial court's reduction of his felony convictions to misdemeanors, he contends the court erred in subjecting him to a period of parole. We disagree. However, we do agree with appellant that his excess custody credits should be counted toward his parole period and his eligible fines. Therefore, we affirm in part, reverse in part and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2012, appellant stole a can of beer from a grocery store. He was charged in a felony complaint with one count of second degree burglary and one count of petty theft with a prior. (Pen. Code, §§ 459, 460, subd. (b), 666, subd. (a), 484, subd. (a), 488.)[1] The complaint further alleged appellant had suffered multiple prior convictions, including a prior strike conviction, and served two prior prison terms. (§§ 667, subds. (d)-(e)(2), 1170.12, subds. (b)-(c)(2), 667.5, subd. (b).) Appellant waived his right to trial and pleaded guilty to or admitted all the charges. After striking appellant's prior strike conviction and his prison priors, the court sentenced him to two years in prison. The court also ordered appellant to complete a three-year term of postrelease community supervision (PRCS) upon his release from prison.

Following the passage of Proposition 47 in the fall of 2014, appellant petitioned the trial court to reduce his felony convictions to misdemeanors and resentence him. (See § 1170.18, which was added to the Penal Code pursuant to Prop. 47.) The trial court granted the petition and imposed a one-year jail term that it deemed served by virtue of appellant's prison sentence. Over appellant's objection, the court also ordered him to serve one year on parole.

---

[1]     All further statutory references are to the Penal Code.

DISCUSSION

Appellant's appeal is twofold. He contends the court erred in the first instance by subjecting him to parole, and then it compounded that error by failing to reduce the length of his parole and the amount of his eligible fines by his excess custody credits, i.e., the difference between the amount of custody credit he had on his original sentence and the term he received on resentencing. We find appellant was subject to parole but that the term thereof and the amount of his eligible fines should have been reduced by his excess custody credits.

With respect to the imposition of parole, Proposition 47 draws a distinction between defendants who are currently serving their original sentence and those who have already completed their sentence. Whereas the law subjects defendants in the former category to one year of parole (§ 1170.18, subds. (a)-(d)), it does not require parole for defendants in the latter category (*id.*, at subd. (f)).[2] Proposition 47 also states that anyone who is resentenced under its provisions "shall be given credit for time served" and that nothing in the law "is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." (§ 1170.18, subds. (d) & (m)).

---

[2]      Section 1170.18 provides in pertinent part:
"(a) A person *currently serving a sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . .
"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.
" [¶] . . . [¶]
"(d) A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and *shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole. . . .
"[¶] . . . [¶]
"(f) A person who has *completed his or her sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (Italics added.)

3

Although these provisions seem straightforward, they have generated a rift in the Courts of Appeal regarding the issues presented in this appeal. While appellant's appeal was pending, this court filed *People v. Morales* (2015) 238 Cal.App.4th 42 (*Morales*), which amounted to a split decision for defendants. *Morales* held inmates like appellant, who are on PRCS at the time they seek Proposition 47 relief, are still serving their underlying sentence and are therefore subject to parole upon resentencing. However, they are entitled to have their excess custody credits counted toward their period of parole.

On the heels of *Morales*, the trial court issued an order modifying appellant's sentence. Among other things, the court determined appellant's custody credit exceeded both his misdemeanor sentence and his one-year parole period. It therefore discharged appellant from parole.

A month later, on August 26, 2015, the California Supreme Court granted review of *Morales* (S228030)*,* as well as *People v. Hickman* (2015) 237 Cal.App.4th 984 (*Hickman*), a decision from the Second District which reached the opposite conclusion from *Morales* on the credits issue (S227964). However, the split reemerged after the Second District reaffirmed the holding of *Hickman* in *People v. McCoy* (2015) 239 Cal.App.4th 431 (*McCoy*), and this court reaffirmed the holding of *Morales* in *People v. Armogeda* (2015) 240 Cal.App.4th 1039 (*Armogeda*). Petition for review was granted in *McCoy* (S229296), and petition for review is pending in *Armogeda*.

Based on the foregoing, it is apparent the California Supreme Court is going to speak to the issues presented in this appeal. And when it does, its ruling will be dispositive of those issues. In the meantime, we still have to decide the proper resolution of appellant's case. While we salute the trial court's initiative in modifying appellant's sentence to comport with *Morales*, we believe the court lacked jurisdiction to make the modification because this appeal was already pending at that time. (*People v.*

4

*Scarbrough* (2015) 240 Cal.App.4th 916; *People v. Awad* (2015) 238 Cal.App.4th 215.) Therefore, the modification order is void. (*Ibid*.)[3]

Nevertheless, we continue to adhere to the position this court originally expounded in *Morales* and recently reaffirmed in *Armogeda*: that defendants seeking resentencing under Proposition 47 are subject to parole if they are on PRCS, but the length of their parole should be reduced by their excess custody credits. (*Armogeda, supra*, 240 Cal.App.4th at pp. 1044-1050.) In addition, those credits should also be used to reduce the amount of the defendant's eligible fines. (*Id*. at pp. 1047-1050.) We therefore conclude the trial court was remiss in failing to apply appellant's excess custody credits in its original resentencing decision.

Appellant argues in the alternative that assuming he was subject to parole, the trial court abused its discretion in failing to waive it. (See § 1170.18, subd. (d) [upon resentencing, trial courts have the discretion to release the defendant from parole].) Appellant's argument is based on the assumption that, in sentencing him in his original case, the trial court struck *all* of his prior convictions. But actually, the only conviction the court struck was appellant's prior strike conviction. Given that appellant has suffered numerous other convictions, the trial court acted well within its discretion in subjecting him to parole in this case.

## DISPOSITION

The trial court's modification order filed on July 23, 2015 is void. The court's original resentencing order is affirmed except to the extent the court failed to consider appellant's excess custody credits in determining the length of his parole and the

---

3    Although section 1237.1 gives trial courts concurrent jurisdiction to correct errors involving the calculation of presentence credits while an appeal is pending, that section applies only to mathematical or clerical mistakes, not substantive issues like the ones involved in this case. (*People v. Delgado* (2012) 210 Cal.App.4th 761.)

5

amount of his eligible fines.  The matter is remanded with directions for the court to apply appellant's excess custody credits to his fines and parole period.



BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.